[Civ. No. 408. Fourth Appellate District.—June 29, 1931.]

A. R. SAUER, Petitioner, v. C. N. ANDREWS, Judge, etc., Respondent.

Curtis Hillyer for Petitioner.

Stephen Connell, District Attorney, and T. D. McLean, Deputy District Attorney, for Respondent.

OWEN, J., pro tem.—The petitioner herein is the editor, publisher and manager of "The San Diego Herald," a newspaper printed and circulated in the city of San Diego. On the thirteenth day of March, 1930, this newspaper contained an article captioned as follows:

"New Grand Jury is Sweet-scented Bunch of Hollyhocks Designed to 'Protect' San Diego. Judge Andrews Picked Them But Could Have Added More. (By A. R. Sauer.)"

The article in question is quite lengthy and it is unnecessary to either set it out fully or to quote those portions alleged to be contemptuous. For the reason hereafter given, we express no opinion as to the nature of the context.

On the twentieth day of March, 1930, Honorable C. N. Andrews, Judge of the superior court, filed an affidavit for contempt of court, and thereupon issued a writ commanding the sheriff of San Diego County to attach the body of the said A. R. Sauer and have him forthwith before Judge Andrews to show cause why he should not be punished for contempt.

On the twenty-fifth day of March, 1930, the matter came on for hearing before Judge Andrews. At the hearing the defendant, petitioner herein, filed his affidavit alleging disqualification of the respondent judge on account of actual bias and prejudice and made an application to have the matter transferred to another department of the San Diego superior court to hear and determine the alleged prejudice of Judge Andrews. The application for transfer was denied. Petitioner thereupon sought a writ of prohibition from this court. An alternative writ was granted, and we now have to consider whether the respondent should be permanently restrained from any further proceedings in the matter.

At the time the proceedings herein were instituted in this court the case of *Blodgett* v. *Superior Court,* 210 Cal. 1 [72 A. L. R. 482, 290 Pac. 293], was pending in the Supreme Court of the state. Shortly thereafter there came before the Supreme Court for consideration the case of *Briggs et al.* v. *Superior Court,* 211 Cal. 619 [297 Pac. 37]. There was thus presented to the highest court of the state two cases wherein must be determined the construction of section 170 of the Code of Civil Procedure. (Stats. 1929, p. 958.) The decision in this matter has been withheld pending the decision in *Briggs et al.* v. *Superior Court, supra.*

In the Briggs decision the distinction between direct and constructive contempt has been clearly defined, and the confusion following the amendment of section 170 of the Code of Civil Procedure in the year 1927 (Stats. 1927, p. 1403) no longer exists. In the instant case the contempt was indi-

rect or constructive. There can be no further uncertainty as to procedure. In cases of direct contempt the court should act summarily, and with such directness and certainty as is commensurate with the degree of interference with the due and orderly administration of justice, and the regular procedure of court.

It is held in *Briggs et al.* v. *Superior Court, supra:* "We nevertheless adhere to the views expressed in our earlier decisions as to the inapplicability of this section of the code, whether as it read originally or as it has been made to read by its aforesaid amendment, to cases of direct contempt, and we place our present conclusion upon the same ground as that expressed in our former opinions, viz., that of necessity the courts must be held to retain their ancient and inherent power to summarily deal with all cases of direct contempt committed in the direct view and presence of the court . . . "

As to indirect contempts the same case holds: "We are unable to say that the legislature was without power to provide such a procedure for the hearing and determination of cases of constructive contempt; and for an even stronger reason we are unwilling to hold that the legislature by its recent amendment to section 170 of the Code of Civil Procedure was without power to prescribe the otherwise usual and salutary provision that the trial judge in such, as in all other cases save those of direct contempt, shall no longer be permitted to pass upon the question of his own disqualification."

We have expressed no opinion as to the subject matter of the article published by the petitioner herein. The determination as to the contemptuous nature of the context rests first with the superior court. The only matter involved here is the question of respondent's right to pass on his own disqualification. We find that he has no right to do this. Let another judge of the superior court hear and determine the question of respondent's disqualification, until which time the respondent is restrained and prohibited from any further proceedings in the matter.

It is ordered that the writ of prohibition issue as prayed for.

Barnard, P. J., and Marks, J., concurred.